■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TED R. HERRINGSHAW, Appellant.—Kane, J. P. Appeals (1) from a judgment of the County Court of Madison County (Humphreys, J.), rendered December 18, 1984, convicting defendant upon his plea of guilty of the crime of driving while intoxicated, as a felony, and (2) from a judgment of said court, rendered July 19, 1985, which modified the terms of defendant's probation.

On July 17, 1984, defendant was indicted for the crime of driving while intoxicated as a felony based upon his prior conviction for driving while intoxicated on August 26, 1983 in Oneida City Court. In a pretrial motion, defendant challenged the validity of his 1983 conviction. Specifically, defendant contended that he did not knowingly waive his right to counsel before pleading guilty to the 1983 charge.

After conducting a hearing, County Court concluded that defendant had made a knowing and intelligent waiver of his right to counsel regarding his plea of guilty. Subsequently, defendant pleaded guilty to driving while intoxicated as a felony and was sentenced to five years of probation. The first of defendant's two appeals was then commenced.

In July 1985, a petition alleging that defendant had violated his probation was filed. At an ensuing court appearance, defendant admitted that he violated his probation and requested that he be reinstated to probation with the additional condition that he attend an in-patient alcohol rehabilitation program. County Court consented to defendant's request. The second of the two appeals herein ensued.

Defendant's sole argument on appeal is that County Court erroneously found that he made a knowing and intelligent waiver of counsel upon being advised of his rights at the time he pleaded guilty to the predicate misdemeanor of driving while intoxicated. A review of the record reveals that this contention is without merit. County Court's ruling was in all respects supported by the record and proper.

Defendant does not raise any issues concerning the judgment of County Court which modified his probation. The judgments should, therefore, be affirmed.

Judgments affirmed. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.